**Roland Pena MIRANDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0218–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1982.

Discretionary Review Refused
May 19, 1982.

J. Vernon Johnson, Dallas, for appellant.

Alvin M. Titus, Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

DYESS, Justice.

The appellant was found by the jury to be guilty of aggravated rape. Punishment was assessed by the trial court at imprisonment for twenty years.

The appellant is before this court upon a single ground of error. In this ground he complains that the trial court erred in allowing the prosecutor to cross-examine a character witness for the appellant by asking "Have you heard" questions relating to two prior criminal offenses because 1) the suggestion of prior convictions was not true and, therefore, improperly asserted by the prosecutor, 2) the mere asking of the questions constituted prosecutorial misconduct, and 3) the mere asking of the questions deprived the appellant of due process of law and a fair trial. Since the sufficiency of the evidence supporting the conviction of the appellant for the offense of aggravated rape is not challenged, no review of the facts is warranted other than to note the jury's finding that, on July 4, 1980, the appellant forcibly raped the prosecutrix at knife point.

The record reflects that Gonzalo Pena, called as a witness by the appellant, testified that the appellant enjoyed a good reputation in the community where he resided. On cross-examination, the State challenged this witness' knowledge of the appellant's reputation in the following manner:

Q. Okay. Chango, you testified in response to Mr. Johnson's question that, based upon what you had heard in the community, that he has a reputation for being a peaceful and law-abiding citizen. Is that correct?

A. Yes.

Q. Have you heard that he has been convicted of the offense of burglary and received a six-year probated sentence? (record reflects no response)

Q. Let me ask you, also, do you know that he has had a conviction of marijuana?

A. No Sir...

Q. So, if he has been convicted of those offenses, you haven't heard anything about it?

A. No.

The appellant's attorney objected to the foregoing questions on the grounds that the appellant had no prior convictions, that the statements or questions by the prosecutor were made or asked to inflame the minds of the jurors and that, as such, were made in bad faith. Upon the jury's being recessed the appellant's bill of exception was developed. It demonstrated to the court that no crimes of burglary and possession of marihuana had been committed by the appellant, *Roland* Pena Miranda, but that such crimes had been committed by the appellant's brother, *Ronald* Pena Miranda. The prosecutor, protesting his complete good faith throughout, testified that he went to the Houston Police Department where he contacted Detective Yarborough. He asked the detective if the appellant had a prior record, and he received an affirmative response to that question. Detective Yarborough then obtained the rap sheet and turned it over to the prosecutor. Such rap sheet showed two prior convictions for burglary and possession of marihuana. Based on the rap sheet indications, the prosecutor placed an order for the two judgments related to these offenses. The prosecutor testified further that he did not notice that the spelling of the name on the rap sheet and judgments was *Ronald* Pena Miranda rather than *Roland* Pena Miranda, and that he, in good faith, believed the convictions to be those of the appellant. This belief was also based on the picture which was on the rap sheet because it looked like the appellant. Counsel for the appellant developed the fact that the name was spelled differently on the rap sheet and the indictment; also, that the birthdate in the indictment is different from the birthdate shown on the rap sheet. Based on the foregoing it is the contention of the appellant that the trial court erred in overruling his bill of exception and in denying his motion for a mistrial. In so contending the appellant makes the following statement in his brief:

> *Appellant herein does not accuse the prosecutor of deliberately propounding improper questions.* The appellant herein does affirmatively argue that the prose-

cutor did not exercise due diligence and was guilty of gross negligence in failing to reasonably check the information he desired to use in cross-examining the defense character witnesses—(Emphasis added.)

That the trial court recognized the controlling rule of Texas law applicable to this situation is demonstrated by the fact that there are 77 pages in this record wherein testimony was offered on the question of the good faith *vel non* of the prosecuting attorney. The trial court did not err in finding that the prosecuting attorney had acted in good faith and that the appellant's motion for a mistrial should be denied.

A character witness on cross-examination may be asked if he has heard of a specific act of misconduct on the part of the appellant. However, a prerequisite for asking the question is that it must have been asked in good faith in the belief that the act actually occurred. *Starvaggi v. State*, 593 S.W.2d 323, 328 (Tex.Cr.App.1979); *Stone v. State*, 583 S.W.2d 410, 416 (Tex.Cr.App. 1979); *McIlveen v. State*, 559 S.W.2d 815, 821 (Tex.Cr.App.1977) and *Brown v. State*, 477 S.W.2d 617, 619–620 (Tex.Cr.App.1972). In *Starvaggi*, the Court of Criminal Appeals cited *Brown*, and other cases and stated the rule as follows:

> The question is whether the prosecutor had a "good faith belief that the act actually occurred." (citing cases) . . .
> An arrest and conviction are not absolutely necessary to establish "good faith belief that the act actually occurred."

The action of the trial court in overruling the appellant's motion for mistrial, based on the "have you heard" questions asked by the prosecutor, was correct. We note further that the trial court instructed the jury on the matter of the "have you heard" questions as follows:

> Members of the jury, yesterday afternoon, in the last witness that you heard, two questions were asked concerning whether or not this defendant had previously been convicted of two offenses.

You will not consider the question asked for any purpose whatsoever.

If there was any harm to the appellant resulting from the State's good faith mistake, such harm was cured by the trial court's instruction. *Lovilotte v. State*, 550 S.W.2d 75 (Tex.Cr.App.1977).

The appellant's ground of error is overruled.

The judgment of the trial court is affirmed.